IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUFUS WEST,

                Plaintiff,                OPINION AND ORDER

v.

                                              17-cv-335-wmc

KEVIN CARR,

                Defendant.

---

This court granted plaintiff Rufus West a/k/a Mansa Lutalo Iyapo ("West"), an inmate at Green Bay Correctional Institution ("Green Bay"), leave to proceed against defendant Kevin Carr in his official capacity as Secretary of the Wisconsin Department of Corrections ("DOC") for alleged violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and the terms of the parties' 2016 settlement agreement arising out of plaintiff's earlier RLUIPA lawsuit in this case. Both of West's claimed violations arise out of the DOC's practice of cancelling in-person, congregate worship services and study groups when a Chaplain or other volunteer leader becomes unavailable.

On October 26, 2021, the court granted in part and denied in part the parties' motions for summary judgment. (Dkt. #69.) The court determined that the DOC's current policy related to canceling in-person, congregate religious programming satisfies the requirements of RLUIPA, but retained supplemental jurisdiction over plaintiff West's remaining breach of contract claim under the 2016 agreement. Nevertheless, during an October 27, 2021, status conference with the parties, the court agreed to hear further from the parties on: (1) the court's proposed injunction arising out of an apparent breach of the

2016 agreement, and (2) defendant's position that the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, prohibits this court from entering an injunction with respect to any breach. Having reviewed the parties' submissions, the court now finds that relinquishment of the entirety of plaintiff's breach of contract claim is the appropriate next step.

OPINION

Defendant's principal position is that the court should relinquish jurisdiction over plaintiff's breach of contract claim for injunctive relief because the PLRA prohibits federal courts from entering prospective relief on state law claims involving prison conditions. Specifically, defendant points to the language of § 3626(a)(1)(A), which states that: "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." Section 3626(c)(2)(B) further states, "Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law." Finally, § 3626(d) states, "The limitations on remedies in this section shall not apply to relief entered by a State court based solely upon claims arising under State law."

As an initial matter, defendant argues that since plaintiff's only federal claim in this lawsuit has already been dismissed with prejudice, the entry of an injunction with respect to plaintiff's breach of contract claim would extend further than necessary to correct the violation of the federal right, in violation of § 3626(a)(1)(A). In response, plaintiff reasonably argues that his breach of contract claim merely seeks to vindicate his federal

right to practice his religion free of substantial burden, but the reality is more complicated because the settlement agreement does not mention RLUIPA or any other federal right, nor was this court asked to retain its jurisdiction over enforcement of the 2016 agreement. Thus, principles of Wisconsin breach of contract law will govern resolution of this claim, so the true question for the court, even if willing to exercise its discretion to retain supplemental jurisdiction to resolve any remaining state contract law dispute, is whether the other provisions of § 3626, when read together, implicitly prohibits this federal court from imposing prospective relief with respect to that state law claim.

The Court of Appeals for the Second Circuit answered that question in the affirmative in *Handberry v. Thompson*, 446 F.3d 335 (2d Cir. 2006), holding that:

> Subsection (d) explicitly carves out an exception for State courts from the requirement that prospective relief go "no further than necessary to correct the violation" and remedy only "the Federal right" in the case, so the blanket restriction on prospective relief must apply to all civil actions related to prison conditions in *federal* courts. But since, under this view, the restriction both limits the extent of the relief and requires that it remedy a federal right, we think section 3626 clearly prohibits a federal court from issuing preventive relief based entirely upon state-law claims.

*Id.* at 344-46. Since then, a district court applying the Second Circuit's reasoning in *Handberry* in the context of a ban on certain sexually explicit publications, dismissed the state law claims for declaratory relief because they would remedy "only state-law violations." *Reynolds v. Cook*, No. 3:13-CV-388, 2020 WL 1140885, at *25 (D. Conn. Mar. 9, 2020).

While the Seventh Circuit has not taken up this question, the court is inclined to accept the Second Circuit's interpretation of § 3626. At minimum, the fact that this question is not clearly resolved is reason enough for the court to relinquish discretionary

jurisdiction over the non-monetary component of plaintiff's breach of contract claim to proceed in state court. *See Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 461 (7th Cir. 2020) (federal retention of state law claims may be appropriate "'when it is absolutely clear how the pendant claims can be decided'") (quoting *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)). Accordingly, the court will dismiss the entirety of plaintiff's breach of contract claim without prejudice, direct the clerk of court to enter final judgment and close this case, so that plaintiff can, if he wishes, seek whatever relief to which he may be entitled by filing a separate suit in state court.

ORDER

IT IS ORDERED that:

1) The court relinquishes jurisdiction over plaintiff's Wisconsin breach of contract claim in its entirety, which is DISMISSED without prejudice.

2) Consistent with this opinion and order and the October 26, 2021, Opinion and Order (dkt. #69), the clerk of court is directed to enter judgment and close this case.

Entered this 28th day of January, 2022.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge