IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RUFUS WEST,

      Plaintiff,

      v.

JARED HOY,[1] Secretary of the
Wisconsin Department of Corrections,

      Defendant.

ORDER

17-cv-335-wmc

_____

      In 2022, the court entered an opinion and order granting summary judgment in favor of the Secretary of the Wisconsin Department of Corrections ("DOC") on plaintiff Rufus West's claim that he was denied religious programing for his Muslim faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Dkt. #69, at 37.) In that same opinion, the court granted partial summary judgment in favor of plaintiff's state law breach-of-contract claim stemming from a previous settlement agreement in *West v. Grams*, No. 11-cv-687 (W.D. Wis.), which held that the DOC had breached the terms of that agreement by cancelling congregate religious programming for lack of an available community volunteer or prison chaplain. (*Id*. at 39.) After considering briefing about the availability of prospective injunctive relief under restrictions imposed by the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, precluding such relief for violations of state law, the court relinquished supplemental jurisdiction as to plaintiff's

---

[1] The court substitutes current Secretary of the Wisconsin Department of Corrections Jared Hoy in place of former defendant Kevin Carr pursuant to Fed. R. Civ. P. 25(d).

1

remedy for DOC's breach of the settlement agreement and dismissed that portion of the claim without prejudice to re-filing in state court.  (Dkt. ##77, 84.)

In a decision entered on January 22, 2025, the United States Court of Appeals for the Seventh Circuit affirmed the decision to grant summary judgment on plaintiff's RLUIPA claim.  (Dkt #85-2, at 13.)  However, the Seventh Circuit concluded that it was an abuse of discretion for this court to enter judgment as to liability on plaintiff's breach-of-contract claim, but then "renounce[d] supplemental jurisdiction over the remedy."  (*Id.* at 16-17.)  Accordingly, the Seventh Circuit vacated the judgment as to liability on the breach-of-contract claim and remanded the case to this court "so that it may exercise its discretion to determine whether it should retain or decline supplemental jurisdiction over the state law breach-of-contract claim" as a whole.  (*Id.* at 17.)

"When federal claims drop out of the case, leaving only state-law claims, [a] district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *RWJ Mgmt. Co. v. BP Prods N. Amer., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012).  Because plaintiff's only federal claim has been dismissed, however, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Id*. at 479 (citation omitted).  Even so, supplemental jurisdiction should be retained if any of the following circumstances exist: (1) the state law claim may not be re-filed because a statute of limitations has expired; (2) substantial judicial resources have been expended on the state law claim; or (3) it is clearly apparent how the state law claim is to be decided. *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008) (citing *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007)).  None of these

circumstances preclude relinquishing federal jurisdiction in this instance.

Here, plaintiff argued that DOC violated the parties' previous settlement agreement by cancelling congregate religious programming on several occasions while plaintiff was confined at Green Bay Correctional Institution in 2016, 2017, and 2018. (Dkt. #69, at 38.) Because the settlement agreement does not mention RLUIPA or any other federal right, principles of Wisconsin breach-of-contract law will govern resolution of this claim. The statute of limitations for a Wisconsin breach-of-contract claim is six years after the cause of action accrues. Wis. Stat. § 893.43(1). Because plaintiff filed this lawsuit on May 5, 2017, the running of that limitations period is tolled from that date until the "final disposition" of his claim in this court. *See* Wis. Stat. § 893.15; *see also Artis v. District of Columbia*, 583 U.S. 71, 74 (2018) (holding that 28 U.S.C. § 1367(d) stops the clock on the state statute of limitations for a state law claim filed in federal court, tolling the limitations period for up to 30 days until after the claim is dismissed). As a result, plaintiff still has substantial time to pursue his claims in state court, should he choose to do so.

In addition, although judicial resources have been expended on plaintiff's state-law claim, it is not clearly apparent how that claim is to be decided despite the parties' briefing on the available remedy, which is constrained by the PLRA. To the extent that plaintiff seeks declaratory and injunctive relief, public records available from the DOC website reflect that he was released on parole in 2024, and is, therefore, no longer confined in a DOC facility affected by the settlement agreement.[2] Thus, it appears that his claims for declaratory and injunctive relief may now be moot, but this is for the state court to decide.

---

[2] DOC Offender Search, https://appsdoc.wi.gov/lop/home (last visited Feb. 26, 2025).

*See Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008) (concluding that release from prison moots a prisoner's individual claims for injunctive relief against prison officials); *Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (claims for injunctive relief and declaratory relief are moot once an inmate is transferred out of the facility); *see also Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (noting that for a plaintiff to have standing for prospective injunctive relief, he "must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical'") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Even if this leaves only plaintiff's claim for monetary damages related to the religious services he missed while incarcerated, it may well require a trial. Because that claim involves both legal and factual disputes under state law that have yet to be addressed in this action, the court will relinquish federal jurisdiction over plaintiff's breach-of-contract claim in its entirety and will dismiss that claim without prejudice to re-filing in state court.

ORDER

IT IS ORDERED that the state-law, breach-of-contract claim filed by plaintiff Rufus West is DISMISSED WITHOUT PREJUDICE as set forth above. The clerk of court is directed to enter judgment and close this case.

Entered this 27th day of March, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge